FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★　JUL 01 2016　★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIFETIME BRANDS, INC., | Docket No. |
| Plaintiff, | COMPLAINT |
| -against- | JURY TRIAL DEMANDED |
| GOPRENE, LLC | |
| Defendants. | |

CV 16 3681

FEUERSTEIN, J.
LOCKE, M. J.

Plaintiff, LIFETIME BRANDS, INC. (hereinafter "Plaintiff" and/or "Lifetime"), by its attorneys, TUTUNJIAN & BITETTO, P.C., as and for its complaint against Defendant GOPRENE, LLC (hereinafter "Defendant") alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for Patent Infringement under 35 U.S.C. §271 and §289.

2.      As alleged in detail below, Defendant has engaged and continues to engage in a conscious, systematic, and willful pattern of patent infringement, to the damage of Plaintiff.

## JURISDICTION AND VENUE

3.      This court has jurisdiction over the patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      Plaintiff's claims arising under New York State statutory and common law relate directly to Plaintiff's substantial claims under federal patent law and arise from the same nucleus of facts as Plaintiff's federal patent claims.

1

5.    The court has jurisdiction as to Plaintiff's New York State statutory and common law claims under 28 U.S.C. §§ 1332 and 1338(b), as well as supplemental jurisdiction under 28 U.S.C. § 1367.

6.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b), as the claims arose in this District and due to the fact that Defendants are doing business in this district at least through online sales, thereby placing infringing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this District.  Defendant has purposefully availed itself of this forum by, among other things, making, shipping, using, offering to sell and selling, and causing others to use, infringing products in the State of New York, including in this District, and, upon information and belief, deriving revenue from such activities.

## THE PARTIES

7.    Plaintiff is a New York corporation with a principal place of business at 1000 Stewart Ave., Garden City, NY 11530.

8.    Defendant GOPRENE, LLC is, upon information and belief, a Colorado limited liability company with a contact address of PO BOX 746473, Arvada, CO 80006, and was organized on September 11, 2015.

## PLAINTIFF'S PATENT AND BUSINESS

9.    Plaintiff owns Patent No. D533,752 (hereinafter "the '752 patent").  A copy of the '752 patent is attached as Exhibit A. The '752 patent is entitled "Lunch Purse with Zip," was filed on October 27, 2005, and issued on December 19, 2006. Built NY, Inc., the original assignee of the

2

'752 patent, assigned the '752 patent to Plaintiff. The assignment of the '752 patent was registered with the United States Patent and Trademark Office ("USPTO") on reel/frame 032390/0447 on March 3, 2014. A copy of the assignment of the '752 patent registered with the USPTO is attached as Exhibit B.

10.    Plaintiff owns Patent No. D534,772 (hereinafter "the '772 patent"). A copy of the '772 patent is attached as Exhibit C. The '772 patent is entitled "Lunch Purse," was filed on October 27, 2005, and issued on January 9, 2007. Built NY, Inc., the original assignee of the '772 patent, assigned the '772 patent to Plaintiff. The assignment of the '772 patent was registered with the United States Patent and Trademark Office ("USPTO") on reel/frame 032390/0447 on March 3, 2014. A copy of the assignment of the '772 patent registered with the USPTO is attached as Exhibit B.

11.    Plaintiff owns Patent No. D535,859 (hereinafter "the '859 patent"). A copy of the '859 patent is attached as Exhibit D. The '859 patent is entitled "Lunch Purse," was filed on October 27, 2005, and issued on January 30, 2007. Built NY, Inc., the original assignee of the '859 patent, assigned the '859 patent to Plaintiff. The assignment of the '859 patent was registered with the United States Patent and Trademark Office ("USPTO") on reel/frame 032390/0447 on March 3, 2014. A copy of the assignment of the '859 patent registered with the USPTO is attached as Exhibit B.

12.    Plaintiff owns all right, title, and interest in and to the '752 patent, the '772 patent, and the '859 patent. Plaintiff manufactures and sells products in accordance with the '752, the '772 patent, and the '859 patent.

13.    One such product is BUILT NY GOURMET TO GO LUNCH TOTE, which Plaintiff and its predecessor in interest have manufactured and sold since at least February 6, 2006. The '752

3

patent, the '772 patent, and the '859 patent cover the ornamental features of Plaintiff's products. In particular, the '752 patent protects the design of the BUILT NY GOURMET TO GO LUNCH TOTE.

14.     Plaintiff actively develops new products and pursues intellectual property protection for those products to stay competitive in the face of counterfeits and knock-offs.

## DEFENDANT'S INFRINGING ACTS

15.     Defendant has been offering to sell and selling products that infringe the '752 patent, the '772 patent, and the '859 patent, including sales offered and made on Amazon.com, since at least May 11, 2015.

16.     In particular, Defendant sells an item identified as, "GOPRENE Lunch Transporter Neoprene Tote with Heavy-Duty Zipper, Fits Large Lunches, BLACK, (Black)" (hereinafter "GOPRENE tote") which is listed for sale at https://www.amazon.com/GOPRENE-Transporter-Neoprene-Heavy-Duty-Lunches/dp/B00XI0NVAU/. A copy of the Amazon.com webpage where Defendant offers for sale its infringing GOPRENE tote is attached as Exhibit E.

17.     An ordinary observer would think that the GOPRENE tote is substantially the same as at least one of the design of the '752 patent, the '772 patent, and the '859 patent. Indeed, as the side-by-side comparison shown below reveals, Defendant has misappropriated and infringed Plaintiff's patented lunch purse design in the accused GOPRENE tote depicted below. The several views of the '752 patent are shown on the left, with corresponding views of the infringing GOPRENE tote on the right.

4



18.    A similar front view of the '772 patent is shown on the left, with a corresponding view of

the infringing GOPRENE tote on the right:



19.   A similar front view of the '859 patent is shown on the left, with a corresponding view of the infringing GOPRENE tote on the right:



20.   The GOPRENE tote infringes the design of one or more of the '752 patent, the '772 patent, and the '859 patent.

21.   The GOPRENE tote Amazon.com page attached as Exhibit E identifies the "Date first available at Amazon.com" as May 11, 2015.

6

22.      To date, 336 customer reviews have been left on the GOPRENE tote Amazon.com page,

321 of which are indicated as being "verified purchases."

23.      On March 24, 2016, Plaintiff's counsel received an email from Blake Olson, who

identified himself as a representative of Defendant and who indicated that Amazon.com had

alerted him of his infringement of the '752 patent, the '772 patent, and the '859 patent. A copy of

Mr. Olson's email is attached as Exhibit F.

24.      On March 24, 2016, Plaintiff's counsel sent an email to Mr. Olson, identifying the '752

patent, the '772 patent, and the '859 patent and describing Defendant's infringing goods.  A copy

of the email from Plaintiff's counsel to Mr. Olson is attached as Exhibit G.

25.      Defendant therefore has had notice of its infringement at least since March 24, 2016.

26.      Upon information and belief, Defendant has been offering for sale and selling its

infringing GOPRENE tote from May 11, 2015 to the present day.

27.      Defendant's ongoing sales of the GOPRENE tote from at least March 24, 2016 to the

present day constitute willful infringement.


### COUNT I:
### INFRINGEMENT OF U.S. Patent No. D533,752

28.      Paragraphs 1 through 27 are incorporated by reference herein.

29.      Lifetime is the owner of all right, title, and interest in the '752 patent, entitled, "LUNCH

PURSE WITH ZIP."

30.      Defendant has infringed and continues to infringe the '752 patent by, among other things,

making, using, offering to sell, and selling in the United States, and/or importing into the United

States, products that are covered by and embody the '752 patent, including the GOPRENE tote

identified in this Complaint.

7

## COUNT II:
## INFRINGEMENT OF U.S. Patent No. D534,772

31.     Paragraphs 1 through 30 are incorporated by reference herein.

32.     Lifetime is the owner of all right, title, and interest in the '772 patent, entitled, "LUNCH PURSE."

33.     Defendant has infringed and continues to infringe the '772 patent by, among other things, making, using, offering to sell, and selling in the United States, and/or importing into the United States, products that are covered by and embody the '772 patent, including the GOPRENE tote identified in this Complaint.

## COUNT III:
## INFRINGEMENT OF U.S. Patent No. D535,859

34.     Paragraphs 1 through 33 are incorporated by reference herein.

35.     Lifetime is the owner of all right, title, and interest in the '859 patent, entitled, "LUNCH PURSE."

36.     Defendant has infringed and continues to infringe the '859 patent by, among other things, making, using, offering to sell, and selling in the United States, and/or importing into the United States, products that are covered by and embody the '859 patent, including the GOPRENE tote identified in this Complaint.

## COUNT IV:
## Common Law Unfair Competition

37.     Paragraphs 1 through 36 are incorporated by reference herein.

38.   Plaintiff and its predecessors in interest have sold products under the protection of the '752 patent, the '772 patent, and the '859 patent for nearly ten years.

39.   Plaintiff complied with the marking statute, 35 U.S.C. § 287, with respect to the BUILT NY GOURMET TO GO LUNCH TOTE, marking that product as being protected by the '752 patent.

40.   Defendant therefore had implied notice of its infringement.

41.   Even if Defendant did not know of the '752 patent in advance of its infringement, Defendant received actual notice at least as early as March 24, 2016.

42.   As such, Defendant's offer for sale of, and actual sale of, infringing products has been conducted in bad faith.

43.   "[T]he essence of unfair competition under New York common law is the bad faith misappropriation of the labors and expenditures of another." *Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 34 (2d Cir. 1995) (internal citations and quotations omitted).

44.   The above-described acts constitute unfair competition under the common law of the State of New York.

45.   As a result of Defendants' unfair competition, Plaintiff has been damaged in an amount to be ascertained at trail and, unless Defendants' conduct is preliminarily and permanently enjoined, Plaintiff will continue to suffer irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For a judgment declaring that Defendant has infringed U.S. Patent No. D533,752, U.S. Patent No. D534,772, and U.S. Patent No. D535,859;

2. For a preliminary and permanent order enjoining Defendant and its officers, directors, agents, employees, affiliates and all other acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns from further acts of infringement of the '752 patent, the '772 patent, and the '859 patent;

3. For a judgment awarding Plaintiff damages adequate to compensate for Defendant's infringement of the '752 patent, the '772 patent, and the '859 patent, together with interest and costs, and in no event less than a reasonable royalty, under 35 U.S.C. § 284, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

4. For a judgment awarding Plaintiff all of Defendant's profits deriving from the sale of products that infringe the '752 patent, the '772 patent, and the '859 patent;

5. For a judgment declaring that Defendant's infringement of Plaintiff's patent rights has been willful and deliberate;

6. For a judgment awarding Plaintiff treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of Defendant's willful and deliberate infringement of Plaintiff's patent rights;

7. For a judgment declaring that this case is exceptional and awarding Plaintiff its expenses, costs, and attorney fees in accordance with 35 U.S.C. § 284 and § 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

8. An award of damages to Plaintiff in an amount determined at trial for Defendant's unfair competition;

9. That Plaintiff have such other and further relief as the Court may deem just and proper.

This the 30th day of June, 2016.

Edward P. Ryan (ER6661)
Tutunjian & Bitetto, P.C.
*Attorneys for Plaintiffs*
402 Broadhollow Rd., Suite 401
Melville, NY 11747
(631) 844-0080
edr@tb-iplaw.com